UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARRY GRADELESS, et al., on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:10-cv-86-WTL-DML ) |
| AMERICAN MUTUAL SHARE INSURANCE CORPORATION and CREDIT UNION 1, | ) ) ) |
| Defendants. | ) |

### ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiffs' motion to remand. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

In this putative class action case, the Plaintiffs assert several fraud claims, a negligence claim, and a claim for rescission all arising out of the merger between Defendant Credit Union 1 and another credit union of which the Plaintiffs were members. The case was filed in Hamilton County Superior Court by two named Plaintiffs, Harry Gradeless and John Loudermilk, on behalf of themselves and a putative class, and was timely removed to this court by the Defendants.[1] In the notice of removal, the Defendants assert that both Gradeless and

---

[1] After removal the Plaintiffs filed an amended complaint that expands the number of named plaintiffs from two to more than forty. However, "we analyze our jurisdiction at the time of removal," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and therefore only the citizenship of the two original named plaintiffs is relevant. That is a good thing, inasmuch as it is impossible to ascertain the citizenship of the newly added plaintiffs from the information contained in the complaint; however, even if their addition destroys complete diversity that fact would not divest this court of jurisdiction if it existed at the time of removal. *See* 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over claims closely related to those over which the court has original jurisdiction); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*,. 77 F.3d 928 (7th Cir. 1996) (noting that 28 U.S.C. § 1367(b) "does not block adding an additional [non-diverse] plaintiff with a closely related claim against the defendants who are already in the

Loudermilk are citizens of Indiana, that Defendant Credit Union 1 is a citizen of Illinois, and that Defendant American Mutual Share Insurance Corporation is a citizen of Ohio. They further assert that the amount in controversy exceeds $75,000. Therefore they assert that there is complete diversity of citizenship and this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

In the instant motion, the Plaintiffs argue that this court lacks jurisdiction over this case because the Defendants have failed to establish that the case satisfies the $5 million amount in controversy required by the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). The Plaintiffs are incorrect in their assertion that CAFA is the only means by which a federal court can obtain diversity jurisdiction over a class action case. Rather, CAFA *expands* federal jurisdiction over class action suits by providing for jurisdiction in certain class action cases in which there is minimal diversity. *See Bergquist v. Mann Brackn, LLP*, 592 F.3d 816, 818 (7th Cir. 2010). CAFA does not operate to eliminate federal jurisdiction over a class action lawsuit that otherwise satisfies the requirements of diversity jurisdiction; i.e. complete diversity of citizenship and an amount in controversy exceeding $75,000.

The Plaintiffs do not dispute that the amount in controversy in this case exceeds $75,000. They do, however, argue that complete diversity does not exist. This argument is based upon an erroneous reading of *National Ass'n of Realtors v. National Real Estate Ass'n, Inc.*, 894 F.2d 937 (7th Cir. 1990). That case does not, as Plaintiffs argue, stand for the proposition that the citizenship of any non-for-profit corporation is the citizenship of its members for purposes of determining diversity of citizenship. Rather, it stands for the proposition that it is the citizenship

---

federal forum").

of the real party in interest that matters, and in that case the real parties in interest were the members of the plaintiff organization, not the organization itself.  That is not the situation here; rather, in this case it is the corporate defendants who are the real defendants, not their members (or else the Plaintiffs would essentially be suing themselves).  Accordingly, it appears that there is complete diversity of citizenship and remand is not appropriate.

     SO ORDERED:   05/06/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

David W. Alexander
SQUIRE SANDERS & DEMPSEY
dalexander@ssd.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Edward L. Harris III
ABBOTT & HARRIS
eharris@ahplegal.com

Christian P. Jones
BARNES & THORNBURG LLP
christian.jones@btlaw.com

Emily E. Root
SQUIRES SANDERS & DEMPSEY, LLP
eroot@ssd.com